IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES ex rel LAURA CARROLL; LISA CARROLL; WESLEY CARROLL, III; (Minor children of Reverend Wesley Carroll); <br><br> Petitioners <br><br> vs. <br><br> COURT OF COMMON PLEAS ALLEGHENY COUNTY; COMMONWEALTH OF PENNSYL- VANIA; JUDGES AND STAFF OF THE UNITED STATES WESTERN DISTRICT, PA; <br><br> Respondents | Civil Action No. 07-1707 <br> Judge Donetta W. Ambrose/ <br> Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the petition for mandamus be dismissed pre-service to the extent that it seeks an order compelling the Allegheny County Court of Common Pleas or any other state official to perform any act. It is further recommended that the petition be transferred to the Third Circuit Court of Appeals to the extent that it seeks an order compelling the Judges or staff of this Court to perform any action.

### REPORT

Simultaneously with the filing of this report, an order directing the Clerk's office to file this petition as one requesting mandamus relief is being filed.

Wesley Carroll, a prolific pro se litigator and prisoner, has sent to this Court a Petition for

"Writ of Mandamus" requesting the court to issue an order in mandamus to the Allegheny County Court of Common Pleas, apparently directing it to provide proper credit for his sentence as well as providing Prisoner Carroll with transcripts of all proceedings. In addition, he seeks to have this court issue a mandamus against apparently the staff and judges of this court due to their alleged failure to process his many many filings in this court. The Clerk's office received the petition and referred it to the undersigned because of uncertainty whether and/or how the pleading should be filed. After reviewing the filing, this court ordered it be filed as a petition for mandamus.

Pursuant to the court's inherent power to control its own dockets,[1] the court recommends that this petition be dismissed pre-service, in part, and transferred pre-service, in part, to the Court of Appeals. It should be dismissed to the extent that it seeks mandamus relief against the Allegheny County Court of Common Pleas and any other state official. It should be transferred to the Court of Appeals for the Third Circuit, to the extent it seeks mandamus relief against the judges and/or staff of this Court.

Although allegedly brought in the name of Prisoner Carroll's children, and possibly in Prisoner Carroll's name as well, none of the children have signed the filing. The filing was signed by Prisoner Carroll alone as "legal Counsel of Record for Pro Se Plaintiffs." Prisoner Carroll is not an attorney and cannot sign pleadings on behalf of anyone. 61B Am. Jur. 2d Pleading § 883 (2003)(" A pleading which purports to be filed on behalf of more than one party to a matter must be signed by each party"); Scarella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir. 1976)("Rule 11

---

[1] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

of the Federal Rules of Civil Procedure requires that every pleading be signed by the party filing it, or by that party's attorney. Here the notice of appeal, which was purported to be on behalf of all appellants, was signed only by appellant Scarrella, who is not an attorney. Since appellants Bullock and Brisson did not sign the notice of appeal, their appeals must be dismissed."); Williams v. Frame, 145 F.R.D. 65, 65 (E.D. Pa. 1992)("Since Dejesus did not sign the complaint individually and sought to have a non- lawyer 'sign' it for her, the complaint as to Dejesus is not in conformity with Rule 11. Rule 11 states that 'if a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.'"). See Fed.R.Civ.P. 11(a). Hence all of the party petitioners should be dismissed except for Prisoner Carroll to the extent that he is intended to be a party petitioner.

Nor have any of the children requested to proceed in forma pauperis nor has any filing fee been paid. Prisoner Carroll has attached an IFP request. However, it is noted that Prisoner Carroll has three strikes against him and cannot proceed in forma pauperis in a "civil action," although he may proceed as a pauper if the filing constitutes a true mandamus action. Madden v. Myers, 102 F.3d 74 (3d Cir. 1996).

Furthermore, the court hereby recommends that this mandamus petition be dismissed to the extent that it seeks an order compelling the Allegheny County Court of Common Pleas and/or any state official to act because federal courts have no authority to issue writs of mandamus to state officials. Noble v. Cain, 123 Fed.Appx. 151, 152 (5th Cir. 2005)("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 Fed.Appx. 133, 134 (3d Cir. 2002) ("Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware

from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, *1 (4th Cir. 2000)("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies.").

To the extent that the Petitioner seeks to have a writ of mandamus issued against the Judges and Staff of the United States District Court for the Western District of Pennsylvania, and to the extent that this is a proper mandamus petition, the court recommends that the case be transferred to the Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631.[2] See e.g., Madden v. Myers, 102 F.3d at 77 n.3 ("A writ of mandamus has traditionally been available to a court of appeals only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'")(quoting Will v. United States, 389 U.S. 90, 95(1967)).

**CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections

---

[2] Section 1631 provides that

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay
United States Magistrate Judge

Dated: 26 December, 2007

cc: The Honorable Donetta W. Ambrose
Chief United States District Judge

Wesley Carroll- GE8666
SCI-Waymart
P.O. Box 256
Waymart, PA 18472